# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CHARLES POWELL, | 1:09-cv-00058-LJO-TAG HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | ORDER DENYING MOTION TO COMPEL RESPONSE (Doc. 6) |
| U.S. MARSHAL OFFICE, et al., | |
| Respondents | ORDER DENYING MOTION FOR EMERGENCY RESTRAINING ORDER (Doc. 5) |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

**PROCEDURAL HISTORY AND PETITIONER'S ALLEGATIONS**

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 12, 2009, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1). The petition makes a large number of factual allegations, many of which are irrelevant, that are presented in a confusing and disjointed manner that has made it extremely difficult for the Court to piece together the precise chronology of events that bear on Petitioner's claims. However, using the Bureau of Prison's electronic website, of which the Court takes judicial notice pursuant to Fed. R. Evid., Rule 201, the following factual allegations appear to be pertinent.

1

In 2002, Petitioner pleaded guilty in the United States District Court for the District of Idaho to two felonies, i.e., production of a false identification document and identity theft, in case no. 02-54-S-EJL, United States v. Carlos A. Powell. (Doc. 6, p. 12). Petitioner was sentenced to 63 months in federal prison and was released on or about September 8, 2006. (Id. at p. 13).[1]

At some point in 2007, Petitioner was arrested in Los Angeles County and charged in the Los Angeles County Superior Court with, inter alia, one felony count of sending a threatening letter with intent to extort and one misdemeanor count of unlawfully practicing law. (Doc. 5, p. 33). On August 3, 2007, the Department of Homeland Security ("DHS") filed an immigration detainer against Petitioner with the Los Angeles County District Attorney's Office, the Los Angeles County Sheriff's Department, and the California Department of Corrections and Rehabilitations. (Doc. 5, Exh. C). That detainer alleges that Petitioner is a citizen of Cuba and that DHS believed Petitioner was subject to removal from the United States. (Id.).

Petitioner alleges that, pursuant to that immigration detainer, he was transferred to the custody of DHS and that he was detained by the Bureau of Immigration and Customs Enforcement ("ICE") until July 2008, when he was charged by the Los Angeles County District Attorney with the charges discussed above. (Doc. 1, p. 3). On March 19, 2008, Petitioner pleaded guilty to those charges and was sentenced to a state prison term of three years for the felony charge and a concurrent six-month term for the misdemeanor. (Doc. 5, p. 40). Petitioner was transferred to the custody of the California Department of Corrections and Rehabilitation on April 9, 2008 and he has remained incarcerated since that date, with a minimum projected release date of April 3, 2009. (Doc. 5, pp. 6-7). On April 29, 2008, the U.S. Marshal filed an inmate detainer against Petitioner on a charge of probation violation. (Doc. 5, p. 5).

The petition raises four grounds for relief; however, the claims overlap significantly and are in many respects redundant and repetitive. In essence, Petitioner contends the following:

---

[1] An order from U.S. District Court for the District of Idaho that is appended to the petition relates that Petitioner was released from federal prison on September 6, 2008, while the Court's own review of the prisoner locator information in the Bureau of Prison's website indicates Petitioner was released on September 8, 2006. This minor discrepancy is not relevant to the Court's analysis herein.

2

(1) the detainer alleging a probation violation is illegal because Petitioner was never on probation and did not violate probation; (2) the U.S. Marshal does not have authority to file a probation violation since Petitioner was never on probation; (3) because Petitioner has already been detained pursuant to an immigration detainer by DHS, the Bureau of Prisons no longer has jurisdiction over Petitioner; and (4) Petitioner's detention by ICE was illegal since Petitioner is a U.S. citizen and his due process rights were violated by the ICE detainer. (Doc. 1).

## DISCUSSION

A. General Principles Governing Habeas Jurisdiction Under 28 U.S.C. § 2254

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

Although Petitioner has filed his petition under 28 U.S.C. § 2241, it appears that Petitioner is presently in the custody of the California Department of Corrections and Rehabilitation at its Sierra Conservation Camp, located in Jamestown, California, pursuant to a judgment of the Superior Court of Los Angeles County on March 19, 2008 for threat with intent to extort (Cal. Pen. Code § 523) and the unlawful practice of law (Cal. Bus. & Prof. Code § 6126(A)). (Doc. 5, pp. 33; 37-40). Thus, the Court should construe this petition as a petition under 28 U.S.C. § 2254.

Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). The relevant sub-section of 28 U.S.C. § 2254 confers jurisdiction on a district court to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004).

///

The two sections, however, apply in different situations. Id. Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." Id. Moreover, a petitioner may not avoid the limitations imposed upon the filing of what is essentially a § 2254 habeas petition by fashioning it as either a § 2255 motion, or a § 2241 petition. Moore v. Keohane, 14 Fed. Appx. 939 (9th Cir. 2001)(unpublished).

Here, it appears undisputed that Petitioner is presently in state custody serving a state sentence for a state conviction. He is not in custody for "some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." White, 370 F.3d at 1006. Although the federal probation violation detainer that has been lodged against Petitioner could eventually result in his placement in federal custody upon release from his current prison term, that is an event that has yet to take place. At the present time, Petitioner is a state prisoner incarcerated for a state conviction. Moreover, to the extent that Petitioner complains about an prior illegal detention pursuant to the immigration detainer, it is undisputed that Petitioner is no longer in ICE custody. In short, Petitioner is a state prisoner, not a federal prisoner. Thus, the instant petition should be construed as a habeas petition pursuant to 28 U.S.C. § 2254.

A federal court may only grant a petition for writ of habeas corpus [filed pursuant to 28 U.S.C. § 2254] if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)( quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment, and absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ. See 28 U.S.C. § 2241(c).

Here, Petitioner is challenging neither the "legality or duration" of his confinement on his 2008 state conviction. Rather, he is challenging the legality of two federal detainers, one filed against him by the U.S. Marshal, notifying the state prison that Petitioner may be charged with a violation of federal probation apparently stemming from the very state conviction for which he is now incarcerated, and the other filed against him previously by DHS and apparently executed in 2007, resulting in a unspecified period of federal detention before Petitioner was transferred back to state custody. Such circumstances and claims as those in the instant petition do not invoke the habeas jurisdiction of this Court.

B. <u>Lack of Habeas Jurisdiction Regarding The U.S. Marshal's Detainer</u>

The first possible basis for habeas jurisdiction is the federal detainer filed by the U.S. Marshal and alleging a violation of federal probation. As discussed below, this basis is insufficient to invoke the jurisdiction of this Court.

The Court believes that <u>Moody v. Daggett</u>, 429 U.S. 78, 97 S.Ct. 274 (1976) requires dismissal of this petition for lack of jurisdiction. In that case, the Supreme Court held that a federal parolee imprisoned for a crime committed while on parole is not entitled to a prompt parole revocation hearing upon the filing of a parole violator warrant with the institution of his confinement. <u>Moody</u>, 429 U.S. at 86. The warrant, which was not served upon the defendant but merely filed with the prison, was treated by prison officials as an administrative detainer. It served to notify the prison of the pending parole revocation proceedings, and to assure that the inmate would not be released from custody until the parole violation was acted upon. In reaching its conclusion, the Supreme Court held as follows:

> Petitioner's present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his two 1971 homicide convictions. Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time. Though the gravity of petitioner's subsequent crimes places him under a cloud, issuance of the warrant was not a determination that petitioner's parole under his 1962 rape conviction will be revoked; the time at which the Commission must make that decision has not yet arrived. With only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect upon the liberty interests which <u>Morrissey</u> [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)] sought to protect. Indeed, in holding that "(t)he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody,"

> Morrissey, 408 U.S., at 488, 92 S.Ct., at 2603, we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant. Cf. 18 U.S.C. § 4206; 18 U.S.C. § 4213(d) (1976 ed.).

Moody, 429 U.S. at 86-87.

Here, as in Moody, Respondent has filed a federal detainer while Petitioner is presently serving a state prison term for a state conviction. Also as in Moody, the issuance of the detainer does no more than to express the U.S. Government's "intent to defer consideration of [Petitioner's] parole [or probation] revocation to a later time." Id. at 87.[2] It is not a determination that Petitioner's parole or probation will be revoked. Because the "prospect of future incarceration" resulting from this detainer is uncertain and entirely speculative, this Court cannot conclude that the detainer "has any present or inevitable effect upon" Petitioner's liberty interest. Id.

To the extent that the instant petition challenges the legality of the U.S. Marshal's detainer charging a probation violation, Petitioner is not challenging the state conviction for which he is presently confined, thus depriving this Court of habeas jurisdiction. The Court has no habeas jurisdiction to entertain a challenge to *possible future* federal custody that has yet to eventuate. Id. Put another way, insofar as Petitioner's claim seeks relief from a detainer that has yet to be executed, and relief from the outcome of a parole revocation proceeding yet to be conducted, his claims are premature. See Hopper v. United States Parole Commission, 702 F.2d 842, 845 (9th Cir. 1983)(state inmate's claims challenging legality of federal parole revocation detainer are premature).

///

---

[2] It appears that the detainer may have erroneously described a "probation violation" when in fact the proper charge would be a violation of parole. This appears to be the gravamen of Petitioner's claim that the U.S. Marshal's detainer is illegal. The Court does not have sufficient information to determine whether Petitioner was in fact on either parole or probation following his release from federal custody in 2006. However, the Court does not read Moody to turn on whether the detainer in question was for a parole violation or a probation violation, but instead on whether the petitioner was in custody for the alleged parole or probation violation rather than for another unrelated conviction.

6

C. Lack of Habeas Jurisdiction Regarding the ICE Detainer

To the extent that Petitioner raises a habeas claim premised upon Petitioner's detention by DHS and ICE pursuant to an immigration detainer executed in 2007, that claim is moot because it is undisputed that Petitioner is no longer in federal custody pursuant to that detainer.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402 (1971) per curiam (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461 (1937)). Since the only habeas question for this Court regarding the 2007 immigration detainer would be the legality of Petitioner's detention, and since it is undisputed that he is no longer being detained pursuant to that immigration detainer, there is no case or controversy to be decided and the matter is moot.

In sum, Petitioner may choose to file a new habeas corpus petition pursuant to § 2241 challenging the validity of the U.S. Marshal's detainer and also any determination of a violation of his federal parole or probation *when and if* such a detainer is executed, Petitioner is taken into federal custody pursuant to that detainer, and an adverse parole or probation violation determination is actually made. At the present time, however, this Court has no habeas jurisdiction over the legality of the parole revocation charge and thus there is no habeas relief this Court can provide to this state prisoner. Further, any claims arising out of the ICE detainer are moot. Hence, the Court must dismiss the instant petition for lack of habeas jurisdiction. In light of this conclusion, Petitioner's motion to compel a response and his motion for an emergency restraining order will also be denied as moot.

///

///

## **ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is dismissed for lack of jurisdiction;
2. Petitioner's motion to compel a response (Doc. 6), is DENIED as MOOT;
3. Petitioner's motion for an emergency restraining order (Doc. 5), is DENIED as MOOT; and
4. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:   March 30, 2009**                             /s/ Lawrence J. O'Neill
                                                                      UNITED STATES DISTRICT JUDGE